## BELL *vs.* THE STATE.

[PROSECUTION FOR RECEIVING STOLEN COTTON.]

1. *Juror; witness competent as.*—A juror is not incompetent, because he is a witness in the case.
2. *Acquittal; what equivalent to.*—When the jury has been impanneled and sworn, and a sufficient indictment is read and pleaded to by the defendant, the discharge of the jury for any cause legally insufficient is equivalent to an acquittal.
3. *Verdict; what invalid.*—In a criminal case, a verdict rendered by eleven jurors is invalid, notwithstanding the consent of the defendant and the solicitor. Neither the prosecuting officer nor defendant has authority to consent to such a change in the tribunal.
4. *Witness, refusal of to obey order, excluding from court-room; practice to be pursued in such a case.*—When a witness disobeys the order excluding him from the court-room during the examination of witnesses, the better practice, where there has been no misconduct of the party calling him, is to admit his testimony, and punish him for the contempt.

APPEAL from the Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

The facts are sufficiently stated in the opinion.

JOHN C. REID, and W. L. BRAGG, for appellant.
JOSHUA MORSE, Attorney-General, *contra.*

B. F. SAFFOLD, J.—The appellant was tried on an accusation for buying or receiving stolen cotton of less value than one hundred dollars, knowing it to be stolen. The prosecution was commenced in the county court, and was taken by appeal to the circuit court.

The first error alleged is, that after the jury had been impanneled and sworn, the complaint read to them, and the defendant had pleaded to it, but before any evidence was given, the court, at the instance of the solicitor, and against the objection of the defendant, discharged one of the jurors, because he was shown to be a witness in the case.

26

A witness is not on that account an incompetent juror in a cause.—Rev. Code, § 4200.

It is claimed that the unauthorized discharge of the juror at the particular stage of the trial was equivalent to an acquittal of the defendant. The prohibition against being put in jeopardy twice for the same offense applies to misdemeanors as well as to felonies. The authorities are not in harmony respecting the precise point in the procedure when the jeopardy begins. Bishop says it is when the jury being full, is sworn and added to the other branch of the court, and all the preliminary things of record are ready for the trial.—Bish. Crim. Law, § 856 (660). Unless the indictment is such that a good judgment can be given on it against the defendant, he can not be in danger. It is on this principle that an indictment may be quashed at any time before the jury retires, and a new one be found. Rev. Code, 4144.

All of the authorities agree that after some evidence in support of the accusation is submitted to the jury, the discharge of the jury, without a sufficient legal reason for doing it, amounts to an acquittal of the prisoner.—*McCauley v. The State*, 26 Ala. 135; *Cobia v. The State*, 16 Ala. 781; *Ned v. The State*, 7 Por. 213.

In *Nelson's Case*, (7 Ala. 610,) issue had been joined on the plea of the general issue, and also upon a replication to a plea of *autrefois convict*, when the cause was continued by the State and the jury discharged. The prisoner was held to be liable to another trial, on account of previous irregularities which made a discharge of the jury necessary. The court said very serious doubts would be entertained of the power to discharge the jury, simply because the prosecuting officer was not prepared to proceed with the trial. In *Coleman Williams' Case*, (3 Stewart, 454,) the decision was, that an irregular discharge of a juror, before evidence given, would not preclude a subsequent trial.

The weight of authority seems to be, that when the jury has been impanneled and sworn, and the indictment read, and pleaded to by the defendant, as in this case, he is entitled to have the trial proceed to its conclusion. If it is then interrupted by an improper discharge of the jury, or

other insufficient legal cause, he can not be tried again.—
*Grogan v. The State*, 44 Ala.

A juror may be discharged on account of sickness, ren-
dering him unable to perform his duty, or for any cause
necessary in the opinion of the court. If it is done before
the jury retire, his place must be supplied, and the trial
commenced anew. If afterwards, the panel must be dis-
charged.—Rev. Code, §§ 4201, 4202.

In a note in Kent's Commentaries, there is an admirable
expression of the law in such cases as the present : "It is
settled by overwhelming precedent and authority in favor
of the power of the court to discharge a jury before ver-
dict, after being charged, in a capital case, when there is
an absolute necessity for it, to be judged of by the court
in its sound discretion, and that the accused may be put
upon his trial *de novo*. And, also, that a new trial, after a
verdict of conviction, may be awarded ; for the party is
not put in jeopardy a second time. That jeopardy already
exists, and the only object of a second trial is to give the
accused a chance of being relieved from it."—Kent's Com-
mentaries, vol. 2, m. p. 12, note *b ;* see, also, Wharton's
Amer. Crim. Law, edit. Phil. 1846, pp. 146–155, 625–655.

The objection, that the verdict rendered by eleven jurors
is invalid, notwithstanding the defendant consented that
one might be discharged for illness, and the trial proceed
with the remainder, is well taken. When issue is joined
upon an indictment, the trial must be by the tribunal and
in the mode which the constitution and laws provide, with-
out any essential change. The public officer prosecuting
for the people has no authority to consent to such a change,
nor has the defendant.—*Cancemi v. The People*, 4 Smith's
N. Y. R. 128.

The disposition to be made of a witness and his testi-
mony, when he disobeys the order excluding him from the
court-room during the examination, is obliged to rest
greatly in the discretion of the court. Whether his testi-
mony should be excluded or not, must depend on circum-
stances. In some cases, to do so would be the just deserts
of the party calling him. In others, it would be a great

hardship. The better course would be to punish him for contempt, and admit his evidence.

It is unnecessary to consider the other assignments of error.

As the prisoner has been in jeopardy, and the jury was discharged for an insufficient cause, an order for his release from custody will be issued from this court.

The judgment is reversed.