(116 So. 510)

**CLEGHORN v. STATE.** **(4 Div. 383.)**

Court of Appeals of Alabama. April 17, 1928.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, and Wilkerson & Brannen, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant, after trial by jury and conviction of the offense of illegally transporting prohibited liquors, made a motion to have the record corrected to show that he was tried before a jury consisting of but eleven men. At the hearing of this motion it was admitted that appellant, by his own consent, was put to trial before a jury, the number of whom were but eleven. The trial court denied his motion to correct the record, but he excepted to this action of the

**440**

court as shown by the bill of exceptions, and the facts mentioned being shown in the judgment overruling his motion to correct the record now brings the case here by writ of error.

This seems to present the question, of whether or not a verdict of conviction rendered by eleven jurors is valid, properly to us for decision. Ex parte Riddle, 255 U. S. 450, 41 S. Ct. 370, 65 L. Ed. 725. The same question, though, seems to have been already answered by the Supreme Court. The third headnote in the report of the case of Bell v. State, 44 Ala. 393, which seems to find support in the text of the opinion in the case, is as follows:

"In a criminal case, a verdict rendered by eleven jurors is invalid, notwithstanding the consent of the defendant and the Solicitor. Neither the prosecuting officer nor defendant has authority to consent to such a change in the tribunal."

We have been unable to find where this holding has been changed by any of the later decisions of the Supreme Court. True, certain statutory provisions for trial before certain inferior tribunals, dispensing altogether with juries, have been upheld, but always preserving to defendants the *right* to a jury trial, and never sanctioning any jury trial which did not provide for the common-law jury of twelve. Collins v. State, 88 Ala. 212, 7 So. 260. In other words, where a trial by jury is provided for and had, it *must* be before a "common-law jury of twelve men." Collins v. State, supra.

The writ of error is awarded, the judgment of conviction is reversed, and the cause remanded.

Writ awarded; reversed and remanded.