57 So.2d 384

### CLARK v. STATE.
### 4 Div. 665.

Supreme Court of Alabama.

Jan. 3, 1952.

Rehearing Denied March 13, 1952.

stance shows to support a conviction is conclusive on our review, but whether such finding justifies the refusal of the affirmative charge as a matter of law is subject to review by us. Rainey v. State, 245 Ala. 458, 17 So.2d 687; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829. In passing on the question the scintilla rule does not govern, but there must be substantial evidence tending to prove every element of the charge. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Blue v. State, 246 Ala. 73, 19 So.2d 11.

There is no need to repeat the evidence as set out by the Court of Appeals except to say that the deceased left the house where she resided with a taxi driver about 5 p. m. and no further account is given of her movements until she reached the home of petitioner about 11 o'clock the next morning. Upon her arrival she asked for some ammonia and went into a room with petitioner. From that time until the doctor arrived was a period of about ten minutes. When the doctor came he found her dead. She was fully dressed. There was no blood on her clothes. There was no blood or injury on the exterior of her body. There was proof of a hemorrhagic condition within her body. There was no proof that any act of abortion that might have been done by petitioner could have resulted in death in this short time either by way of shock, inward bleeding or otherwise. In the absence of proof by an expert, such as a doctor or a toxicologist, we cannot supply this deficiency through judicial knowledge. Judicial notice will not be taken of matters of this kind which are not matters of common knowledge. 31 C.J.S., Evidence, § 79, pages 665–666.

The affirmative charge should have been given at the request of petitioner. Ex parte Acree, 63 Ala. 234.

The judgment of conviction is set aside and the cause is remanded to the circuit court for further proceedings.

Reversed and remanded.

E. O. Baldwin, Andalusia, Joe Nix, Jr., Greenville, and E. C. Boswell, Geneva, for petitioner.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., opposed.

STAKELY, Justice.

We have carefully considered the evidence on which the conviction is based and do not think it sufficient to meet requirements. The finding of the Court of Appeals as to what the evidence in sub-

LIVINGSTON, C. J., and BROWN, FOSTER and GOODWYN, JJ., concur.

LAWSON and SIMPSON, JJ., dissent.

On Rehearing.

STAKELY, Justice.
Opinion corrected.
Application for rehearing overruled.

LIVINGSTON, C. J., and BROWN, FOSTER and GOODWYN, JJ., concur.

LAWSON and SIMPSON, JJ., dissent.