67 So.2d 55

## OLDHAM v. STATE.

8 Div. 725.

Supreme Court of Alabama.

Aug. 11, 1953.

508

Bradshaw, Barnett & Haltom, Florence, for petitioner.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., opposed.

**LAWSON, Justice.**

Pete Oldham was convicted in the circuit court of Lauderdale County, Alabama, of the offense of transporting prohibited liquors or beverages in quantities of five gallons or more. § 187, Title 29, Code 1940. On appeal to the Court of Appeals the judgment of conviction was affirmed.

Oldham has filed in this court his petition for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals.

We are of the opinion that the writ should be denied and we see no occasion to respond to all of the questions which petitioner raises in this court. However, we do wish to comment briefly on two of the matters treated in the opinion of the Court of Appeals.

█ In regard to the question as to whether the State of Alabama has criminal jurisdiction over federal forest reservations lying and being within the state, we call attention to the case of Wilson v. Cook, 327 U.S. 474, 486, 66 S.Ct. 663, 90 L.Ed. 793, where the question was whether the State of Arkansas could impose a tax on timber cut on federal forest lands. In that case the Supreme Court of the United States considered a statute of Arkansas very similar to the Act of this state consenting to the purchase of forest lands by the United States. See § 18½ of Act No. 90, approved November 30, 1907, General Acts, Special Session, 1907. Likewise, the Supreme Court of the United States dealt with the Acts of Congress relating to the acquisition by the United States of forest lands in the several states. We see no occasion to comment at length on the case of Wilson v. Cook, supra. It seems to us to fully support the conclusion reached by the Court of Appeals on the question at hand.

█ In regard to the holding of the Court of Appeals to the effect that evidence although illegally obtained is admissible in courts of this state, except when prevented by express statutory provision, we call attention to the case of Wolf v. People of the State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782.

Writ denied.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.