262 So.2d 768

**In re Arthur SINGLETON**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

8 Div. 405.

Supreme Court of Alabama.

Feb. 4, 1971.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

Parker, Wilkinson & Montgomery, Birmingham, for defendant.

MADDOX, Justice.

Can a defendant charged with a felony, not capital, waive a jury trial, enter a plea of not guilty and be tried by a circuit judge without a jury? The Court of Criminal Appeals, 48 Ala.App. 157, 262 So. 2d 767, answered this question in the negative. We granted certiorari to review the decision on the ground that it was one of first impression in Alabama. After review, we believe the judgment of the Court of Criminal Appeals is erroneous and is due to be reversed.

The Court of Criminal Appeals held that the defendant could not consent to a trial by the court without a jury, apparently on the ground that there are no constitutional or statutory provisions in Alabama which authorize a waiver of jury trial in a felony case. There is some support for this position in our decisions, and courts in other jurisdictions have reached the same conclusion as did the Court of Criminal Appeals here, but we think the modern trend is that a defendant should be allowed to waive a trial by jury in a felony case, not capital, when the prosecutor consents and the court approves. See Annotation 51 A.L.R.2d 1346.

On a similar question but involving the validity of a jury verdict of eleven jurors, we held in Bell v. State, 44 Ala. 393 (1870), that in a criminal case, a verdict rendered by eleven jurors was invalid, notwithstanding the consent of the defendant and the prosecutor. We said:

"* * * When issue is joined upon an indictment, the trial must be by the tribunal and in the mode which the constitution and laws provide, without any essential change. The public officer prosecuting for the people has no authority to consent to such a change, nor has the defendant.—Cancemi v. The People, 18 N.Y. 128 [4 Smith 128]."

The Court of Appeals in Cleghorn v. State, 22 Ala.App. 439, 116 So. 510 (1928), reached a similar result as that rendered in *Bell,* supra.

These cases are very persuasive, and we would be constrained to follow them and uphold the judgment of the Court of Criminal Appeals here but for a later decision of this Court in Kirk v. State, 247 Ala. 43,

22 So.2d 431 (1945), wherein we discussed at length the question of whether a defendant could waive a trial by a jury in certain fact situations. While *Kirk* involved the question of the waiver of a trial by a jury of less than twelve, and in *Kirk* there was a statute specifically authorizing a defendant to make a waiver, we think what we said there is applicable here.

Both *Bell* and *Cleghorn* were decided prior to the time the Supreme Court said in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, that a defendant could consent to be tried by a jury of less than twelve, and that the jury was an instrumentality of the court for the protection of the accused and not an inseparable part of the court. In other words, the provisions of law relating to trial by jury are not jurisdictional, but are meant to confer a right upon the accused which he may forego at his election. As we said in *Kirk*, supra, *Patton* is worthy of careful study because "[I]t shows how the ancient doctrine that the accused could waive nothing is no longer supported by modern conditions." We are still of the opinion expressed in *Kirk* that we cannot see why a defendant can plead guilty and waive a jury altogether and cannot plead not guilty and agree to waive a jury. As was said in *Patton* and quoted in *Kirk*:

" 'It is difficult to see why the fact, frequently suggested, that the accused may plead guilty and thus dispense with a trial altogether, does not effectively disclose the fallacy of the public policy contention; for if the state may interpose the claim of public interest between the accused and his desire to waive a jury trial, a fortiori it should be able to interpose a like claim between him and his determination to avoid any form of trial by admitting his guilt. If he be free to decide the question for himself in the latter case, notwithstanding the interest of society in the preservation of his life and liberty, why should he be denied the power to do so in the former? It is no answer to say that by pleading guilty there is nothing left for a jury to try, for that simply ignores the question, which is not what is the effect of the plea, the answer to which is fairly obvious, but, in view of the interest of the public in the life and liberty of the accused, can the plea be accepted and acted upon, or must the question of guilt be submitted to a jury at all events? Moreover, the suggestion is wholly beside the point, which is that public policy is not so inconsistent as to permit the accused to dispense with every form of trial by a plea of guilty, and yet forbid him to dispense with a particular form of trial by consent.' "

We consider it unnecessary to review the history of the development of trial by jury in criminal cases. That history has been set out in some detail in decisions of the Supreme Court of the United States.[1]

Furthermore, in *Kirk*, supra, the late Justice Stakely collected many of our decisions and opinions from other courts on the question of the right of a defendant to waive a jury trial in a felony case, not capital. We are not here dealing with a claimed infringement of a constitutional right because the accused did not raise the question—the Court of Criminal Appeals noted the question itself and decided it to be jurisdictional—that is, that a jury in a felony case was an inseparable part of the court and neither the defendant nor the prosecutor could waive the requirement. We agree that there are no provisions of our Constitution or in our laws for the waiver of a jury trial in a felony case.[2]

1. See Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, June 22, 1970.

2. In misdemeanor cases in the circuit court, the issues and questions of fact are tried by the court without the intervention of a jury unless one is demanded. Title 15, § 321, Code of Alabama, 1940 (Recompiled, 1958).

An accused is entitled to a trial by jury under our Constitution and he, at his election, can forego this right.

We express no opinion whether a defendant could waive a jury trial in those cases where a jury is required to fix the punishment,[3] and degrees of the offense, but we note the provisions of Title 15, § 329, which read:

"In all cases in which the statute authorizes or provides that the jury may fix or impose punishment or penalties of any kind, if the case is *tried by the court without a jury,* the court or judge trying the case may fix or impose any punishment or penalties which the jury might fix or impose if the case was being tried by a jury." (Emphasis added)

We do call attention to Act No. 1061, Acts of Alabama, 1969, which amends Title 15, § 277, Code of Alabama, 1940, so as to eliminate the necessity of impaneling a jury in certain criminal cases when the defendant upon arraignment or prior to trial pleads guilty. The view that the accused cannot waive a trial by jury in criminal cases on the ground that to allow such waiver would be violative of public policy seems to be unsound. We inferentially said this in *Kirk,* supra. We now say it directly.

We do not mean that a waiver must be put into effect automatically. Trial by

[3]

| | | |
|---|---|---|
| Murder in 1st degree | Title 14, § 318 | Life, death |
| Murder in 2nd degree | Title 14, § 318 | 10 years, life |
| Manslaughter in 1st degree | Title 14, § 322 | 1 to 10 years |
| Manslaughter in 2nd degree | Title 14, § 322 | 1 year and $500 |
| Kidnapping to obtain money | Title 14, § 7 | 5 years to death |
| Attempt to kidnap | Title 14, § 8 | 5 years to death |
| Arson, where injury occurs | Title 14, § 23 | Life to death |
| Arson, 2nd degree | Title 14, § 24 | Life to death |
| Assault with weapon | Title 14, § 34 | $2,000 and 12 mos. |
| Flogging while masked | Title 14, § 35 | 1 to 10 years |
| Burglary in 1st degree | Title 14, § 85 | 10 years to death |
| Wilfully setting off dynamite near dwelling, etc. | Title 14, § 123 | 10 years to death |
| Wilfully setting off dynamite near public bldg., etc. | Title 14, § 124 | 2 to 10 years |
| Defamation | Title 14, § 350 | $500 and 6 mos. |
| Lynching | Title 14, § 355 | 5 years to death and 1–21 years |
| Selling mortgaged property | Title 14, § 362 | $500 and 6 mos. |
| Rape | Title 14, § 395 | 10 years to death |
| Carnal knowledge, using drugs | Title 14, § 397 | 10 years to death |
| Carnal knowledge, under age 12 | Title 14, § 398 | 10 years to death |
| Carnal knowledge, under age 16 | Title 14, § 399 | 2 to 10 years |
| Carnal knowledge, by impersonation | Title 14, § 400 | 10 years to death |
| Unlawful assembly | Title 14, § 407 | Fine and 6 mos. |
| Rout | Title 14, § 408 | Fine and 6 mos. |
| Riots and routs | Title 14, § 409 | Fine and 2–10 years |
| Selling arms during riot | Title 14, § 410 | $500–$1,000 & 1 year |
| Violating proclamation re: selling arms | Title 14, § 411 | $500–$1,000 & 6 mos. |
| Violating order of Nat'l. Guard | Title 14, § 414 | 6 mos. |
| Robbery | Title 14, § 415 | 10 years to death |
| Train robbery | Title 14, § 416 | 10 years to death |
| Treason | Title 14, § 424 | Life to death |

jury ·is the natural and probably the preferable procedure to be followed in criminal cases, especially those above misdemeanors. As was said in *Patton*, supra:

" * * * Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

In view of what we have said, we reverse the judgment of the Court of Criminal Appeals, with directions to examine the record before it to determine whether the accused knowingly and intelligently waived his right to trial by jury, whether the State consented to such waiver, and whether the trial court reasonably approved of such waiver in view of the facts and circumstances surrounding the alleged waiver by the accused.

Reversed and remanded with directions.

LAWSON, SIMPSON, MERRILL, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN, J., dissent.