262 So.2d 772

**Arthur SINGLETON**

v.

**STATE.**

**8 Div. 20.**

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

Rehearing Denied Sept. 14, 1971.

**158**

AFTER REMANDMENT

PRICE, Presiding Judge.

The indictment, in three counts, charged second degree burglary, grand larceny and buying, receiving, concealing, etc., stolen goods.

The case was heard by the trial judge without a jury. Defendant was found guilty as charged and was sentenced to four years in the penitentiary.

On appeal, 48 Ala.App. 753, 262 So.2d 767, we reversed the conviction because we were of opinion a defendant charged with a non-capital felony could not, in the absence of constitutional or statutory provision, waive his right to a jury trial. The Supreme Court, however, granted certiorari, 288 Ala. 519, 262 So.2d 768, held we were in error in our conclusion that the defendant did not have the right to waive a jury trial, reversed the judgment with directions to examine the record to "determine whether the accused knowingly and intelligently waived his right to trial by jury, whether the State consented to such waiver . . . in view of the facts and circumstances surrounding the alleged waiver by the accused."

The record shows the defendant was present in court for arraignment, accompanied by his attorney, when the following occurred:

"THE COURT: How does the Defendant plead?

"MR. HOLT: Not guilty.

"THE COURT: Mr. Singleton, the Court will enter the plea of not guilty and your Attorney has stated that he has talked to you, that you have waived a trial by jury and have agreed that your trial be conducted by the Court without a jury. Is that correct?

"DEFENDANT: Yes, sir.

"THE COURT: Mr. Singleton, do you understand when you do that you do not have twelve men passing upon the facts of the case, but a Judge alone passing upon that?

"DEFENDANT: Yes, sir.

"THE COURT: You understand that you have a right to a jury trial if you

want it but you can waive it and have a trial without a jury?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand that?

"DEFENDANT: Yes, sir.

"THE COURT: And do you ask that your case be tried without a jury?

"DEFENDANT: Yes, sir."

We are of opinion that the proceeding here is sufficient to show an intelligent and understanding waiver of a jury trial under the decisions of courts of other states whose statutes provide for waiver of a jury trial by an accused charged with a felony.

■ The record does not affirmatively show consent of the district attorney, but the fact that he participated in the trial without objection is sufficient to show acquiescence.

■ The statutory range of punishment for the crimes charged are the same: Second degree burglary, Title 14, § 86; grand larceny, Title 14, § 331; buying, receiving, concealing, stolen property, Title 14, § 338, Code 1940, and but one punishment was imposed. There is no merit in the contention that defendant was found guilty of all three offenses charged in the indictment. Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.

According to the State's evidence a drug store belonging to J. W. Davis in Florence, Alabama, was broken into during the evening of February 26, 1969, and various items were stolen, including narcotic drugs, about $550.00 in money, some of which were silver certificates and old coins and a .32 caliber Mauser pistol. A cloth bar with the word "drug" written on the side in which change from the register was kept was also missing.

About 5:00 o'clock the morning of February 27th a man checked into room 35 at the Riveree Motel in Sheffield, Alabama, giving his name as Matthew Bingham, Birmingham. He listed his automobile as a 1959 Chevrolet, license No. 1A-94717, paid for the room in advance with five one-dollar silver certificates, and fumbled through some old coins to find twenty cents in change. The motel employee could not positively identify the defendant as the man who checked into room 35.

At about 8:10 the morning of February 27, Mattie Eastman, a motel maid knocked on the door of room 35, and, receiving no answer, opened the door and entered the room. She noticed that a pillow case was missing and a corner of the mattress was turned up. She went and got the janitor to see what was under the mattress. Randolph Nails, the janitor, reached under the mattress and took out a pillow case. Finding it heavy, he called Mr. Ralph Vines, the motel manager. Mr. Vines looked in the pillow case and saw currency, some coins, a syringe and bottles of medicine. He then opened a dresser drawer and saw a gun and scabbard, but did not take them from the drawer. The pillow case was put back where it was found and the door locked. Mr. Vines started to the office to call the police, but saw a white Chevrolet convertible pull into the parking lot and back up to room 35. He then stepped into another room and called the desk clerk to telephone the police. As he came out of the room he saw the car leaving and tried to stop it but was unable to do so. He could not swear the person in the automobile was this defendant.

Officer Benton Mullins, after investigating the burglary at the Davis Pharmacy, received a call to go to the Riveree Motel. After talking with Mr. Vines he put out an all points bulletin for a lookout for a 1959 white Chevrolet convertible with the tag number given at the motel, which was found to be registered to Arthur Singleton of Birmingham.

This appellant, Arthur Singleton, was arrested by State Trooper W. R. Brown at Russellville. Around lunch time, February

27, Trooper Brown testified without objection that he stopped the car, searched defendant's person and the automobile. He found in the car "a pillow case full of change and this drug sack with change and I found a bottle which I thought at that time was morphine and we send (sic) it off and had it analyzed and it was morphine—it was in the floor between his legs." Defendant was taken to the Franklin County jail and again searched. About $400.00 in currency was found in his shorts.

Sheriff Stratt Byars testified he was present when a search of defendant's person was made at the jail, and that Trooper Brown turned over to him $548.55; that the money was delivered to Officers Mullins and Romine, together with the "drug bag." A list of the description and amounts of money found in defendant's possession was introduced without objection, as State's Exhibit 1.

The "drug" bag was introduced as State's Exhibit 2. The defendant objected to the introduction of the bag on the ground "that it was seized and recovered as a result of an illegal search and seizure, or it was an illegal seizure predicated on an illegal search and entry into the private room of this defendant during the course of his rental contract without his permission or a search warrant." The objection was overruled.

■ In brief the defendant admits that the maid's entry into the motel room was a legal entry, since her duties were to clean the motel rooms every morning, but insists the subsequent actions of the manager and janitor in untying a knot in the pillowcase and looking at the articles in the pillowcase and in opening the drawer and observing the pistol and ammunition, during defendant's legal period of occupancy of the room, were in violation of his constitutional rights under the Fourth Amendment and any evidence seized as a result of the discovery and observations of the manager and janitor should have been excluded by the trial court.

Formerly in Alabama evidence in a criminal case was admissible, even though it was acquired by an unlawful search, in the absence of an express statutory provision rendering it inadmissible. Oldham v. State, 259 Ala. 507, 67 So.2d 55.

It is well settled law that a person's hotel room is protected against unreasonable searches. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59; Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856.

However, recent decisions of the Supreme Court of the United States, which are binding on state courts, have held that evidence obtained as a result of an unreasonable search and seizure can not be used against an accused in a state prosecution. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

■ But the Fourth Amendment protections of privacy against unlawful searches and seizures do not apply to searches by private persons acting in private capacity, but are applicable only to searches by law enforcement agents. Gandy v. Watkins, D.C., 237 F.Supp. 266; Barnes v. United States, 5 Cir., 373 F.2d 517; People v. Fierro, 236 Cal.App.2d 344, 46 Cal.Rptr. 132 (1965).

Clearly the search complained of did not involve action of federal or state officials, but was the act of private persons acting in private capacity and was not illegal within the meaning of the Fourth Amendment.

There was no pretrial motion to suppress the evidence obtained by the search of defendant's person and his automobile, and there was no objection to its admission in evidence, with the exception of "drug" bag, and the objection to its admission was based on the ground that it was produced by the search of the motel room.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.