331 So.2d 409

**Jackie Curtis HAYNES**

**v.**

**STATE.**

**7 Div. 441.**

Court of Criminal Appeals of Alabama.

April 20, 1976.

William S. Halsey, Anniston, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Haynes was convicted of grand larceny and the Court sentenced him to three years imprisonment in the penitentiary. Prior to arraignment appellant was found to be indigent, and the Court appointed counsel to represent him. He pleaded not guilty. After sentence was imposed, he gave notice of appeal and was furnished a free transcript. New counsel was appointed to represent appellant on appeal.

When the State rested, appellant moved to exclude the State's evidence on the ground the State failed to prove a prima facie case of grand larceny against him. The motion was overruled. This was the only adverse ruling of the trial court during the trial of this case. This ruling puts us to a recital of the evidence.

Harold G. Anderson testified that on April 26, 1974, he lived at Indian Hills Apartments in Anniston, Alabama, and was the owner of a 1974 Honda 360 Motorcycle

which bore the number CB360, engine number E 1008741. On that date he left his motorcycle in a parking space at the apartments to attend a banquet at Weaver High School. He returned around midnight and found his motorcycle missing. The next morning he reported the probable theft of his motorcycle to the Anniston Police Department and gave a detailed description of the missing property. The next time he saw his motorcycle was at the Police Department. When he examined it at the Department, the key he had fit the ignition switch and the serial number on the motor matched. He stated that many parts were missing and it appeared to have been spray-painted with blue paint. He stated that the original color of the motorcycle was orange. He said the blinker lights were stripped, the luggage rack and crash bar had been removed, that it had an electric starter but when he saw it at headquarters, it had been straight-wired and that the mufflers had been re-welded. He stated that some tools were also missing. He positively identified the motorcycle as belonging to him as the key fit the ignition and the serial number on the motor matched the number he had on his bill of sale. He further stated that he had given no one permission to use or move his motorcycle.

Mr. Ralph Smith, an officer with the Anniston Police Department, testified that he was on regular patrol on April 29, 1974, looking for Jackie Curtis Haynes who was thought to be riding a blue motorcycle. He saw him at the intersection of Clydesdale and 202 Highway sitting on a blue motorcycle. He asked him for his license and a bill of sale. Haynes gave him a piece of paper with the words, "Bill of Sale" written on it. He attempted to compare the numbers on the alleged bill of sale with the numbers on the motorcycle which Haynes was riding but the numbers on the frame had been scraped off. The officer told Haynes that he was going to call headquarters to run a check on the serial number but before he could do so, Haynes

took off on the motorcycle and headed west on Highway 202 and the officer started after him. Haynes cut off on Smith Street, went up to a side area and abandoned the motorcycle and disappeared in the woods. The officer did not get close enough to see Haynes abandon the motorcycle but found where he had left it. He was positive it was the same one that Haynes was riding when he made his escape. The motorcycle was removed to police headquarters where it was later identified by the owner.

Detective Earl Taylor of the Anniston Police Department testified that he made an examination of the motorcycle to see if it fit the description of the one reported stolen. He scraped a sample of the paint off and found an orange coating under the blue coat of paint. He noted that several items were missing off the motorcycle such as a 360 emblem, the turn signal, the tag, and found the ignition had been straight-wired. The blue paint appeared to be from a spray can as opposed to a factory paint job. The identification number, or frame number, located at the front had been scraped off. He examined the motor number on the block and found it to be the same number as reported missing on April 27, 1974.

Detective Taylor interviewed appellant in his office after he was arrested. He gave him the *Miranda* rights and warnings and appellant told him he understood his rights. Appellant did not ask to see a lawyer. He refused to sign a written statement but told the officer that he did not steal the motorcycle. He stated that he bought it on Sunday morning, April 27, 1974, from a man named David Cash. He told the officer that Cash wanted $450.00 but he paid him $250.00 and was to pay $50.00 per month on the balance and that he got a bill of sale at the time he made the down payment. No one had heard of David Cash and he could not be located.

Appellant did not testify but offered his half brother as a witness in his behalf.

According to this witness he and appellant were at home on Sunday morning, April 27, 1974, when a man drove a motorcycle to the house and had a conversation with appellant about buying the motorcycle. He did not hear the conversation between the man and appellant but saw appellant hand the man some money and a bill of sale was prepared and signed by the man and appellant. After the transaction was completed, appellant rode off with the man and he did not know where they went. He stated he did not see the alleged bill of sale and did not know what was written on it. He had never seen or heard of this man before April 27, 1974. He further testified that the following Tuesday or Wednesday appellant and his father went to police headquarters and appellant turned himself in at the station house.

■ There can be no question that the State made out a prima facie case against appellant.

■ Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State's evidence does not constitute error. *Young v. State,* 283 Ala. 676, 220 So.2d 843.

■ Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury. *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690.

The distinguished lawyer representing appellant on this appeal, Honorable William S. Halsey, wrote a brief stating he has been unable to find a reversible error after a careful search of the record. We are in full accord with the conclusion of Mr. Halsey.

The judgment of conviction is affirmed.

AFFIRMED.

TYSON, DeCARLO and BOOKOUT, JJ., concur.