CLARK, Retired Circuit Judge.
A jury found appellant-defendant guilty of burglary in the second degree as charged in one count of an indictment and of grand larceny as charged in another count of the indictment. He was adjudged guilty accordingly and sentenced to imprisonment for eight years. In the sentencing procedure, the trial court pronounced sentence on *248 the judgment as to the burglary only, stating that “the other verdict of guilty, insofar as sentencing is concerned is considered sur-plusage.”
The parties are in agreement, as they obviously were on the trial, that defendant was not prosecuted for two separate and distinct crimes, but that the alleged burglary and the alleged grand larceny were so closely related in time, place and all other circumstances as to permit punishment for one crime only, even if both burglary in the second degree and grand larceny were committed. The statutory range of punishment for each felony is the same, imprisonment in the penitentiary for not less than one nor more than ten years. Code of Alabama 1940, Recompiled 1958, Tit. 14, § 86 (Burglary), § 331 (Grand Larceny).
In their respective briefs for appellant and appellee, counsel concentrate their efforts upon the question whether the evidence is sufficient to support the judgment of conviction.
The legal proposition relied upon by appellant, that to justify a verdict of guilt based on circumstantial evidence, the evidence must be sufficient to exclude every reasonable hypothesis but that of defendant’s guilt, is not questioned. Sumeral v. State, 39 Ala.App. 638, 106 So.2d 270 (1958); Bluth v. State, 38 Ala.App. 692, 92 So.2d 685 (1957); Whatley v. State, 37 Ala.App. 706, 75 So.2d 182 (1954).
As to the question of the sufficiency of the evidence in any criminal case, the duty of a court, whether trial or appellate, is not to be confused with the duty of the jury. In a case tried by a jury all twelve must, but neither the trial court nor an appellate court must, be satisfied by the evidence beyond a reasonable doubt and to a moral certainty of the guilt of the accused.
When the question of the sufficiency of the evidence has been properly presented in the trial court and is properly presented to the court on appeal, it is the duty of the court on appeal to vitiate the conviction if there is no substantial evidence of defendant’s guilt as charged. Blue v. State, 246 Ala. 73, 19 So.2d 11 (1944); Ex parte Grim-mett, 228 Ala. 1, 152 So. 263 (1933); Clark v. State, 257 Ala. 95, 57 So.2d 384 (1944); Ford v. State, 50 Ala.App. 343, 279 So.2d 146, cert. denied 291 Ala. 778, 279 So.2d 149 (1973). The cases cited, and many others, hold that a mere scintilla of evidence is not sufficient in a criminal case. The court, however, in each instance is dealing with the question of the kind or quality of evidence that is sufficient to warrant resolution by the jury of the question of defendant’s guilt.
If there is legal evidence of defendant’s guilt, if it is substantial in nature and not a mere scintilla, if it is susceptible of a rational conclusion therefrom that defendant is guilty, the weight of the evidence and its probative value are for the jury. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969); Hyman v. State, Ala.Cr.App., 338 So.2d 448 (1976); Jones v. State, Ala.Cr.App., 337 So.2d 116; Lewis v. State, Ala.Cr.App., 337 So.2d 108 (1976); Moore v. State, 57 Ala.App. 668, 331 So.2d 422 (1976); Haynes v. State, 57 Ala.App. 653, 331 So.2d 409 (1976); Vines v. State, 57 Ala.App. 117, 326 So.2d 307 (1955); Hawkins v. State, 53 Ala.App. 89, 297 So.2d 813, cert. denied 292 Ala. 723, 297 So.2d 817.
At the conclusion of the evidence presented by the State, defendant moved to exclude the evidence. The motion was overruled. At that time the undisputed evidence showed that some time between 9:30 and 10:00 P.M., Friday, September 12, 1975, and the following Monday morning at about 7:00, the offices of the Sheet Metal Workers Local Union No. 48 at 1108 Twenty-ninth Street in Birmingham had been burglarized and that various items of office equipment and petty cash had been stolen therefrom. A police investigation promptly commenced. Many latent fingerprints and some latent prints of human hands were lifted from pieces of broken glass lying on the floor, the glass being from a door through which the offices had obviously been entered. There was evidence that the personal property stolen was of the value of more than a few hundred dollars.
A fingerprint expert, whose qualification was shown and was in no way challenged, *249 testified that she found, after carefully studied minute examination of the lifted latent prints, that each of seventeen of them matched the known prints of defendant’s fingers or hands.
The court is not required to place itself in the role of the jury and determine whether the evidence thus presented was sufficient to prove defendant’s guilt to the exclusion of every reasonable hypothesis to the contrary, but we note that the strength of the State’s testimony at the time the State rested is tremendously impressive to us. We do not agree with appellant that there is any reasonable conclusion to be reached from such testimony that defendant was not a participant in the burglary of the mentioned premises and larceny of its contents. A fortiori, such is not the only reasonable conclusion to be reached, and the facts thus shown were sufficient upon which to base a verdict of guilt.
After denial of defendant’s motion to exclude the evidence, defendant took the witness stand. He testified he was in Birmingham during the entire week-end in which the burglary occurred until early Monday morning, when he left in a bus to go to Decatur. He had been working about a month in Birmingham on a work release program as a parolee from Draper Prison, to which he had been sentenced for burglary. He emphatically denied participating in any way in the burglary or larceny for which he was being tried. While in Birmingham, he was living at 1323 Twenty-fifth Street, North, but he said that on Sunday and Sunday night he and another man were resting and staying at the Palm Leaf Hotel. He said the first he knew about the burglary was on Saturday when James Robinson, an ex-convict whom he had known at Draper Prison, came around to the house where he was living and told him that “He had some stuff that he wanted me to keep for him.” He said he did not know what the “stuff” was and had never had possession of any of the things that were stolen. When asked as to how he could explain his fingerprints “over that place, broken glass inside on the floor,” he replied, “The only thing I can say, they ain’t mine. He said that when James Robinson asked him to keep the things, Robinson had two bags with him “setting almost at the steps when he asked me,” but that he never saw what was inside. He said Robinson “told me but I didn’t see them.”
Neither at the time the court overruled defendant’s motion to exclude the evidence nor at the conclusion of all the evidence in the case was there a lack of substantial evidence that strongly pointed to defendant’s guilt of both burglary in the second degree and grand larceny.
As the range of statutory punishment for burglary in the second degree and for grand larceny is the same, and only one punishment within such range was imposed, there is no merit to any complaint that defendant was found guilty of both offenses. Singleton v. State, 48 Ala.App. 157, 262 So.2d 772 (1971); Livingston v. State, 44 Ala.App. 559, 216 So.2d 731 (1968). Even if the evidence does not sustain a verdict of guilty under one of the charges, the verdict and judgment of guilt of the charge which is sustained by the proof stands. Carter v. State, 35 Ala.App. 530, 50 So.2d 4 (1951).
When imposing a single penalty and sentence, the trial court is authorized to refer the conviction under more than one count to any one of the counts. Wiggins v. State, 244 Ala. 246, 12 So.2d 758 (1943).
We find no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
All the Judges concur.