TYSON, Judge.
Michelle Junior was indicted by the grand jury for the first degree murder of Charles Jeffery Wells “by shooting him with a pistol.”
On March 28, 1979, trial was had by the court sitting without a jury, and appellant was adjudged “guilty as charged in the indictment,” and sentenced to life imprisonment.
The sole issue raised on appeal is whether appellant knowingly, voluntarily, and intelligently waived her constitutional right to a trial by jury. We hold that she did waive her right to a jury trial and affirm the judgment of the trial court.
The crime for which appellant was convicted, arose from an incident which occurred at Bea’s Motel and Lounge, also known as Herb’s Motel and Lounge, on the Mobile Highway in Montgomery, Alabama. On December 16, 1978, the remains of Charles Jeffery Wells were found in a room at Herb’s Motel and Lounge by an employee of that establishment. Testimony at trial revealed that Wells’ death was caused by intracranial hemorrhage resulting from a .38 caliber gunshot wound.
David Fuller testified that in the early morning hours of December 16, 1978, he gave appellant, her brother, Rodney Junior, and Sharon Hosea a ride home from Herb’s Lounge. He stated that during the ride home appellant stated that “she thought she had killed a dude in there . . because he looked like he was going at a knife or something.” (Tr. p. 56). He also testified that appellant said she did not like the idea of someone taking advantage of a woman.
Appellant’s brother, Rodney Junior, testified that on December 16, 1978, while he was sitting at a table in Herb’s Lounge, with appellant and Sharon Hosea, he heard appellant say that she was going over to the dude’s room with a pistol and scare him into giving her the money. He testified that he then said; “As long as you don’t fire that *557 pistol. He watched appellant and Sharon Hosea leave and shortly thereafter heard a gunshot. When Rodney saw appellant and Hosea, a few minutes later, he asked them what had happened. The appellant replied that she had shot a man because he went in his pocket for something and scared her.
Appellant testified in her own behalf that on December 16, 1978, she was sitting at a table in Herb’s Lounge with her brother Rodney, when Sharon Hosea came to the table. She stated she heard Hosea tell her brother that she had had intercourse with a man for twenty dollars but that he had taken his money back. According to appellant, she left with Hosea to talk to the man about giving the money back and she took the pistol with her.
Once in the man’s room, appellant and the man got into an argument about his keeping the money and they began to struggle. Appellant pulled the pistol from her pants and it accidently discharged during the struggle.
I
Appellant claims that when a defendant waives a jury trial in a non-capital case, the record must show a “colloquy” between the court and the defendant which shows that the waiver was made knowingly, voluntarily, and intelligently. Appellant contends that, since such a colloquy does not appear in the record, this cause is due to be reversed.
We consider the right of the accused in a criminal prosecution to a trial by jury to be one of the fundamental underpinnings of our system of justice and, consequently, a right worthy of zealous protection. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).
Alabama law is clear, however, that a defendant charged with a non-capital felony may waive a jury trial with the consent of the State and the trial court, provided the waiver is made knowingly, voluntarily and intelligently in light of all the surrounding circumstances. Singleton v. State, 288 Ala. 519, 262 So.2d 768, after remand, 48 Ala.App. 157, 262 So.2d 772 (1971), cert. den. 288 Ala. 751, 262 So.2d 776 (1972).
In Murphy v. State, Ala.Cr.App., 347 So.2d 1369, cert. den., Ala., 347 So.2d 1371 (1977), this court held that a Boykin colloquy (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274) was neither “necessary nor mandated” for an effective waiver of trial by a jury of twelve, where the record disclosed that defendant’s counsel explained the situation to his client, and the defendant stated in person that he agreed to continue with trial before an eleven-person jury.
In the present case, on March 1, 1979, appellant moved the court by written motion (signed by appellant and two witnesses) to withdraw her request for a jury trial, and a hearing on the motion was set for March 14, 1979. (Tr. p. 139). The order granting the motion reads in pertinent part as follows: (Tr. p. 140).
“This day came the State by its District Attorney and came also the defendant in her own proper person and by attorney, and it appearing to the court that the defendant heretofore filed a Motion to Withdraw Jury Trial, and the court having considered said Motion, and after conversing with the defendant and ascertaining the reasons for the Motion, the court is of the opinion that the same should be granted. It is therefore considered and ordered by the court that the said Motion to Withdraw Jury Trial be and the same is hereby granted.” [Emphasis added.]
Moreover, the record reveals the following conversation between the trial court and counsel for appellant on the date of trial, March 28, 1979: (Tr. pp. 2, 3).
“Let the record further reflect, as it should already reflect, that against the advice of counsel that the Defendant has waived her right to trial by jury in this case, and that this case will be tried by the Court in jury.
“Do you have any further remarks, Mr. Mooneyham?
“MR. MOONEYHAM: Judge, I thoroughly have gone over with Michelle Jun *558 ior her right to a jury trial, and that it was my opinion based on the facts that she has stated to me that there was some reasonable basis that the jury could find her guilty of an offense less than first degree murder; one of four offenses included within first degree. And that it was against my advice that she waive jury trial. We thoroughly discussed it between ourselves on numerous occasions and it was her desire at all times, including the time she waived in open court, to waive her jury trial.
“THE COURT: Are you of the opinion that the waiver has been a knowing and voluntary waiver?
“MR. MOONEYHAM: Yes, Sir. I thoroughly explained it to her, and in my opinion it was a voluntary act done on her part.”
Based on the foregoing, the only reasonable conclusion is that appellant’s waiver of her right to a jury trial was here voluntarily, knowingly, and intelligently made.
That the district attorney was present at the hearing on the motion to withdraw jury trial, together with the fact that he was present at trial, and made no objection to the absence of a jury, is sufficient to show consent by the State to these proceedings.
After careful examination of the record, we find no error. This cause is therefore affirmed.
AFFIRMED.
All the Judges concur.