BOOKOUT, Judge,
dissenting:
Section 15-18-22, Code of Ala. 1975, provides:
“In all cases in which a statute authorizes or provides that the jury may fix or impose punishment or penalties of any kind, if the case is tried by the court without a jury, the court or judge trying the case may fix or impose any punishment or penalties which the jury might fix or impose if the case were being tried by a jury.”
It is therefore my opinion that § 15-18-22, upon which the majority opinion is founded, applies where there is a timely and proper demand for a jury trial, but does not apply in cases where a jury trial is waived, either explicitly or by an untimely demand. There is no doubt that a defendant may *128 voluntarily waive a jury trial in a non-capital case with the consent of the State and the trial court and be tried by the trial judge on a plea of not guilty. Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971); Junior v. State, Ala.Cr.App., 375 So.2d 556 (1979).
A jury demand in a misdemeanor case must be made in conformity with Code § 15-14-30. I do not believe the legislature intended by § 15-18-20 to mandate a jury trial in every misdemeanor manslaughter case. That code section must be construed in pari materia with § 15-18-22, supra.
In Singleton, supra, the supreme court expressed no opinion as to whether a defendant could waive a jury trial in those cases where a jury is required to fix punishment, such as in Code § 13-1-92. That issue was not squarely before that court in Singleton, but is squarely before us now. I believe § 15-18-22 answers the question. Only, in capital cases would a different result be mandated, in my opinion, as per Prothro v. State, Ala.Cr.App., 370 So.2d 740 (1979). Therefore, where a defendant fails to comply with § 15-14-30 in demanding a jury trial in a misdemeanor manslaughter case, I conclude that he may be tried without a jury and the trial judge may “impose any punishment or penalties which the jury might fix or impose if the case were being tried by a jury” pursuant to Code § 15-18-22, supra. I therefore respectfully dissent.
BOWEN, J., joins in the above.