Grand larceny; sentence: ten years' imprisonment.
A Baldwin County Grand Jury indicted the appellant for grand larceny of an air-conditioner on July 7, 1977. On December 6, 1978, a hearing was held before Judge Wilson Hayes concerning motions for continuance in several cases involving the appellant at which time appellant's counsel stated:
 "Mr. HAAS: The Defendant, in open Court, moves the Court for an opportunity to file some motions supported by affidavit in the event the case has to be tried waiving Jury trial.
"THE COURT: All right. What says the State?
 "MR. NORTON [Assistant District Attorney]: Judge, we don't have any objection. . . ." (Emphasis added.)
On December 27, 1979, counsel for appellant filed a motion to reinstate his demand for a jury trial. On February 20, 1980, there was a hearing on this motion before Circuit Judge Harry Wilters. At this hearing Judge Hayes testified concerning the prior waiver of a jury trial:
 "I asked him, specifically, and told him he had a right not to waive his right to a jury trial. I told him that he had a right to a jury trial. And they said they wanted to have a nonjury trial.
. . . .
 "But before we went to trial, as I remember, Mr. Hayes [sic] sought not to go to trial, but to have the case passed over. And he announced, himself, that he was withdrawing the jury trial. He was asking for a nonjury trial. I then informed Mr. Day of the matter. I know he heard it. I affirmatively informed Ricky Day about the right to a jury trial, his right. And he said he wanted a nonjury trial or that he waived his right to a jury trial. I hesitate to say the precise wording. Mr. Norton was present. And I am satisfied that Mr. Tom Hayes [sic] was present."
Judge Wilters denied appellant's motion to reinstate a jury demand based on appellant's previous waiver of his right to a jury trial. On April 15, 1980, appellant was arraigned at trial and entered a plea of not guilty. Again, appellant renewed his jury trial demand, but the judge once more denied the motion.
Appellant contends that the trial judge erred in denying his affirmative requests for a trial by jury. Alabama law is clear that a defendant charged with a non-capital felony may waive a jury trial with the consent of the State and the trial court provided the waiver is made knowingly, voluntarily, and intelligently in light of all the surrounding circumstances.Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), reversing 48 Ala. App. 753, 262 So.2d 767 (1970), on remand,48 Ala. App. 157, 262 So.2d 772, cert. denied, 288 Ala. 751,262 So.2d 776 (1971); Junior v. State, Ala.Cr.App., 375 So.2d 556
(1979).
Appellant had the assistance of counsel at the 1978 hearing. Moreover, Judge Hayes could not have been any more explicit in his testimony that appellant was advised of his right to a jury trial. Therefore, it appears that the appellant effectively waived his right to a jury trial and, thus, the trial court did not err in denying the motions to reinstate the jury trial demand.
AFFIRMED.
All the Judges concur.