MAXWELL, J.,
dissenting:
¶ 44. I dissent to note my disagreement with the majority’s handling of the venue issue. I find the majority incorrectly concluded that the trial judge abused his discretion in refusing to transfer the case back to Jefferson Davis County. The trial judge had previously transferred venue from Jefferson Davis County because of concerns it would be difficult to obtain an impartial jury there due to the nature of this capital-murder case and the substantial publicity. Also, I contend the majority is too quick to distinguish our supreme *1154 court’s decision in Simon v. State, 688 So.2d 791 (Miss.1997) (“Simon II”).
I. Venue
¶ 45. I steadfastly agree with the majority that the Mississippi Constitution provides an accused the right to be tried in the county where the offense was committed. Similar rights are guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. My concerns, however, stem from the manner in which the majority glosses over perhaps the more pertinent constitutional protection at hand — Maye’s right to a “public trial by an impartial jury of the county where the offense was committed.” Miss. Const, art. 3, § 26 (emphasis added).
¶ 46. The majority finds no proper justification for denying Maye’s request to return the trial to Jefferson Davis County. However, the gravity of the pending capital-murder charge and the identity of the victim were undeniable. Maye faced the death penalty. Specifically, he stood accused of murdering a law enforcement officer in the line of duty — an officer who was in the process of lawfully searching for illegal drugs in Maye’s residence when he was shot. To further magnify the events, the officer happened to be the local police chiefs son.
¶ 47. Maye and his attorney recognized these issues, moved for a change of venue, and requested that Maye’s trial be held outside of Jefferson Davis County. Maye claimed he could not receive “a fair and impartial trial” in Jefferson Davis County due to the public’s prejudgment of his case. His initial request for a change of venue was supported by the affidavits of two residents who had similar concerns and attested that the public in Jefferson Davis County was biased against Maye.
¶ 48. The trial judge acknowledged the widespread discussion of the case in Jefferson Davis County. He also recognized the inherent difficulties that would be involved in impaneling “an impartial jury” there, so he granted Maye’s motion and moved the case to Lamar County — a forum suggested by Maye. Maye then filed a “Motion to Reconsider Order Granting Change of Venue,” which the circuit court granted. However, rather than transferring the case back to Jefferson Davis County, the trial judge transferred the case to a third county — Marion County.
¶ 49. Our supreme court instructs that “[u]pon proper application for a change of venue, a presumption arises that an impartial jury cannot be obtained.” Evans v. State, 725 So.2d 613, 647 (¶ 99) (Miss.1997). Under Mississippi Code Annotated section 99-15-35 (Rev.2007), “proper application requires a written motion supported by affidavits of two or more witnesses showing that the defendant cannot have a fair and impartial trial in the particular county because of prejudgment of the case or grudge or ill will to the defendant in the public mind.” Evans, 725 So.2d at 647 (¶ 99) (citing Porter v. State, 616 So.2d 899, 906 (Miss.1993)). Here these requirements are present giving rise to a presumption that a fair and impartial jury could not be seated in Jefferson Davis County.
¶ 50. While this presumption is generally rebuttable, our supreme court makes clear that in some instances where certain factors are present — such as cases involving capital offenses, inordinate amounts of media coverage, serious crimes against public officials, and crimes committed by an African American defendant upon a white victim — the presumption that an impartial jury cannot be obtained may become irrebuttable. Id. at 647 (¶ 100) (citing White v. State, 495 So.2d 1346, 1349 (Miss.1986)). Many of these factors were prevalent here.
*1155 ¶ 51. The trial judge was at a crossroads. It appears he simply chose the path he believed best protected Maye’s constitutional guarantee of a fair and impartial trial. Perhaps this case exemplifies why our supreme court leaves decisions about whether venue should be changed in criminal proceedings to the sound discretion of the trial judge. See, e.g., Winters v. State, 473 So.2d 452, 457 (Miss.1985); Cabello v. State, 471 So.2d 332, 339 (Miss.1985); West v. State, 463 So.2d 1048, 1053-54 (Miss.1985); Billiot v. State, 454 So.2d 445, 454 (Miss.1984). Indeed, our supreme court instructs the granting of a change of venue is “so largely in [the] discretion of the trial court that a judgment of conviction will not be reversed on appeal on the ground that a change of venue was refused, unless it clearly appears that [the] trial court abused its discretion.” Billiot, 454 So.2d at 454 (quoting Parks v. State, 267 So.2d 302, 304 (Miss.1972)); see also Fisher v. State, 481 So.2d 203, 215 (Miss.1985).
¶ 52. A similar “heads-I-win-tails-you-lose” venue situation was addressed in United States v. Marcello, 423 F.2d 993, 1006 (5th Cir.1970). In Marcello, the Fifth Circuit Court of Appeals upheld a district court’s decision to deny a defendant’s request to move his trial back to the original venue once the defendant had requested a change of venue to another district. Less than ten minutes after the defendant had waived his right to be tried in the district where the offense had occurred, he attempted to withdraw the waiver. Id. at 1003. The defendant then filed a “Motion to Reconsider Order Directing Change of Venue,” attempting to invoke his constitutional right to be tried in the district where the offense occurred, which the trial judge denied. Id. at 1004. The Fifth Circuit held the trial judge did not abuse his discretion in refusing to transfer the case to the original venue because “there was strong justification” for the trial judge’s decision in that “[i]t would have been impossible for [the defendant] to receive a fair trial in [the original venue] because of the continued and continuing unfavorable publicity.” Id. at 1005-06. As in Marcello, in the present case, there is also justification for refusing to transfer the case back to Jefferson Davis County.
¶ 53. Furthermore, the Florida Supreme Court, in a death-penalty case with facts similar to the case at hand, held that a trial court did not abuse its discretion in refusing to transfer the case back to the county in which the crime had occurred, where the defendant had agreed to an alternate venue. Kearse v. State, 770 So.2d 1119, 1123-24 (Fla.2000).
¶ 54. There are few cases addressing the standard to be applied to withdrawal of a waiver of venue. However, many courts have dealt with this issue in the context of the right to be tried by an impartial jury. For example, some courts have required an affirmative showing by the defendant that he would be prejudiced in some way unless the court allowed withdrawal of the waiver. See, e.g., Hutchins v. State, 493 N.E.2d 444, 446 (Ind.1986) (defendant must show harm or change in circumstances justifying withdrawal of jury-trial waiver); People v. McQueen, 52 N.Y.2d 1025, 438 N.Y.S.2d 299, 420 N.E.2d 97, 97 (1981) (defendant must give better reason for withdrawal of waiver than simply changing his mind). Some courts have even concluded that the waiver of the right to a jury trial is absolute once made voluntarily, knowingly, and intelligently, and the waiver cannot thereafter be withdrawn. See Day v. State, 395 So.2d 119, 120 (Ala.Crim.App.1980); Wabaunsee v. State, 554 P.2d 36, 38 (Okla.Crim.App.1976).
*1156 ¶ 55. Our supreme court has pointed out how a trial court’s failure to make findings of fact places an appellate court “in an awkward position,” but it has consistently reaffirmed that: “Where findings of fact are fairly implicit in a trial court’s ruling, we will credit those and grant them deference.” Riddle v. State, 580 So.2d 1195, 1200 (Miss.1991) (upholding conviction over defendant’s claim of violation of right to counsel guaranteed by the Mississippi and United States Constitutions, despite lack of findings of fact from suppression hearing); see also Eakes v. State, 665 So.2d 852, 866 (Miss.1995).
¶ 56. Though this case is undoubtedly more difficult because of the trial judge’s lack of analysis in his order which transferred the case to Marion County, it is fairly implicit under these circumstances why the trial judge refused to return the case to Jefferson Davis County — his fear that a fair and impartial jury could not be impaneled there. It was the same reason he moved the trial from there in the first place. Had the trial judge turned about-face and changed venue right back to the very county he had already made clear that he feared a lair and impartial jury could not be impaneled, we would likely be addressing this same issue from a different perspective.
II. Simon II
¶ 57. Wdiile the majority attempts to distance Maye’s case from the supreme coui't’s decision in Simon II, the facts and venue issues addressed in Simon II are quite similar to those before us.
¶ 58. In Simon II, the supreme court found it was within a trial court’s discretion to refuse to return a case to its original venue, or a venue with a similar racial composition. Simon, 688 So.2d at 803-04. The defendant, Robert Simon, Jr., had been charged with four capital murders in Quitman County. Id. at 794. Simon originally moved for a change of venue, which was granted, and his case was transferred to Jones County, where he was tried and convicted on one of the indictments. Id. Prior to his second trial on a different indictment, Simon sought a change of venue from Jones County. Id. at 801. The trial court granted his motion and moved his case to a third unrelated county — De-Soto County. Id.
¶ 59. Simon again moved for a change of venue, requesting that he be tried back in the original venue, Quitman County, in the event the court decided not to move the trial to a county with a similar racial composition. Id. at 803. Simon’s request was denied. Id. at 801.
¶ 60. On appeal, Simon characterized his motion for a change of venue as “conditional.” Id. at 803. The supreme court found no abuse of discretion in the trial court’s decision to grant Simon’s motion for a change of venue and to move the trial to DeSoto County. Id. at 804. The supreme court further found no error in the trial court’s decision to deny Simon’s motion to return the case to Quitman County where the crimes had occurred. Id. at 801, 804.
¶ 61. We are faced with somewhat similar circumstances. Maye requested a change of venue, which was granted, and his trial was moved to Lamar County. Approximately two months prior to trial, Maye moved the court to reconsider its previous order and transfer his case back to Jefferson Davis County. Maye acknowledged he had no right to a change of venue to a county with certain demographics, but still made clear in his motion to reconsider that supreme court precedent did not prevent the trial court from attempting to maintain a similar racial composition in considering a change of venue.
*1157 ¶ 62. While Maye did cite the appropriate articles and amendments to the Mississippi and United States Constitutions, which provide the right to be tried where the offense occurred, his “Motion to Reconsider Order Granting Change of Venue” was similar in nature to the motion reviewed by the supreme court in Simon II. It could reasonably be characterized as seeking alternative relief, in that it contained what may be interpreted as conditional language.
¶ 63. Furthermore, prior to trial, Maye voiced no dissatisfaction with the trial court’s transfer to Marion County. Only after he was convicted of capital murder did he take issue with the transfer to the alternate venue.
, ¶ 64. For these reasons, I dissent.
MYERS, P.J., JOINS THIS OPINION.