ON RETURN TO REMAND
BOWEN, Judge.
This Court on August 3, 1990, remanded this cause to the trial court to determine “whether a hearing or any other proceedings were held prior to trial on the matter of McLeod’s waiver of counsel.” See 574 So.2d at 884. In response, the trial court found that “there were no hearings or proceedings regarding the waiver of counsel issue other than those previously transcribed and submitted as part of the record.” Upon receiving that response, this Court on September 21, 1990, remanded the cause to the trial court “with directions that an evidentiary hearing be held to determine whether McLeod actually waived his right to counsel and whether that waiver was knowing and intelligent.” 574 So.2d at 884.
In response to the second order of remand, the trial court entered the following order:
“The matter before the Court is the Remand from the Alabama Court of Criminal Appeals to the Circuit Court of Houston County, Alabama for the purpose of the finding of facts and a determination as to whether the Defendant’s Waiver of Counsel was knowingly and intelligently made. A hearing was held on October 29, 1990 with Defendant represented by Counsel and participating in such proceeding.
“Defendant’s counsel appointed several months prior to trial was Honorable Malcolm Newman. About a month before the trial Mr. Newman moved to withdraw stating the [sic] Mr. McLeod desired to represent himself with the assistance of Mr. Newman. Mr. McLeod filed a pro se motion requesting replacement counsel. The Court entered an Order allowing Defendant to represent himself pro se subject to Defendant’s request and approval placed upon the record.
“Immediately prior to the trial, a hearing was held in the Court Reporter’s office outside of the presence of the jury which included the presence of Defendant and Mr. Newman. Although Mr. Newman testified that he thought the Court conducted a colloquy regarding the dangers of self representation, the record itself does not reflect such. This Court has no specific memory either way due to the volume of cases tried since that time including McLeod I.
“At the hearing hereon the State attempted to call the Defendant as an adverse witness to testify to his knowledge concerning this issue but the Defendant objected and refused under the Fifth Amendment and other grounds. The State did not receive the benefit of whatever that testimony might have been.
“Therefore, although Defendant ably represented himself during his trial and may have been apprised of the dangers and liabilities of self representation, inasmuch as the record does not indicate advice by the Court or specific consultation with his former attorney regarding same, this case does not reflect any proceeding at which the defendant knowingly and intelligently waived his right to counsel.”
(Emphasis added.)
In light of the fact that this cause has been remanded on two occasions and in consideration of the trial court’s failure and inability to make a determination that the defendant did make a knowing and intelligent waiver of his right to counsel, the defendant’s conviction for the unlawful distribution of cocaine in Houston County case CC-88-756 must be reversed. It ap *621 pears that the defendant’s request for the appointment of replacement counsel was never addressed by the trial court. While a valid waiver of counsel need not be express, North Carolina v. Butler, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979), such a waiver cannot be presumed, see Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). See also 2 W. LaFave and J. Israel, Criminal Procedure § 11.3(a) (1984). “This waiver cannot be assumed from a ‘silent record.’ [Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App.1980) ]. The burden is on the State to show that a defendant’s waiver of counsel was made knowingly and intelligently. Zuck v. Alabama, 588 F.2d 436 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).” Leonard v. State, 484 So.2d 1185, 1189 (Ala.Cr.App.1985).
The defendant’s conviction is reversed and this cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.
OPINION EXTENDED;
REVERSED AND REMANDED.
All Judges concur.