mcmillan, judge.
The appellant, Larry Brooks, pleaded guilty in municipal court to the offenses of public intoxication and of driving under the influence (“DUI”). The appellant then appealed for a trial de novo to the Circuit Court of Coffee County. The record indicates that the appeal of the DUI conviction was dismissed because the appellant failed to appeal. He was ordered to pay a $750 fine plus court costs. Furthermore, his driver’s license was suspended for 90 days. The appellant entered a plea of guilty in circuit court to the charge of public intoxication, pursuant to an agreement with the city attorney for the City of Enterprise, Alabama. Pursuant to that plea agreement, the appellant agreed to pay a $50 fine plus court costs within 30 days.
The appellant now argues to this court that he was not given notice by the circuit court of the court date for his DUI charge, that his guilty plea to the public intoxication charge was not knowingly and voluntarily entered, and that in making that plea he did not receive the benefit of advice from counsel.
As to the appellant’s DUI conviction, he argues that, because, he says, he was not given notice of the trial date, he is entitled to a hearing to determine if there is good cause to reinstate his appeal. He cites Ex parte Lawson, 578 So.2d 1052 (Ala.1991), and Knight v. City of Enterprise, 594 So.2d 1302 (Ala.Cr.App.1992), wherein defendants’ appeals were reinstated in circuit court upon a showing of good cause. Section 12 — 14—70(f), Code of Alabama 1975, provides:
“(f) Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant.”
In the present cáse, the record indicates that the appellant’s scheduled trial date was April 20, 1993, at which time the appellant failed to appear. The appellant filed a notice of appeal on May 25, 1993. The first indication in the record that the appellant asked for a reinstatement appears in the appellant’s *43 brief on appeal to this court. Thus, the appellant’s request is untimely and there is no indication that the trial court abused its discretion in failing to reinstate this appeal, if any request to do so was ever made at trial court level.
As to the appellant’s argument that his guilty plea to the charge of public intoxication, made pursuant to the plea agreement with the City of Enterprise was not voluntarily or intelligently entered, the record contains only the form “Recommendation of the City and/or Plea Agreement” and the sentence order entered pursuant thereto. There is no guilty plea hearing transcript contained in the record, and the record does not indicate that the appellant was advised of his rights before entering his guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
“In Carnley v. Cochran, 369 U.S. 506, 516 [82 S.Ct. 884, 890, 8 L.Ed.2d 70] [ (1962) ], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: ‘Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.’
“We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422 [85 S.Ct. 1074, 1078, 13 L.Ed.2d 934] [(1965)].
“Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reqson of the Fourteenth. Malloy v. Hogan, 378 U.S. 1 [84 S.Ct. 1489, 12 L.Ed.2d 653] [ (1964) ]. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145 [88 S.Ct. 1444, 20 L.Ed.2d 491] [ (1968) ]. Third, is the right to confront one’s accusers. Pointer v. Texas, 380 U.S. 400 [85 S.Ct. 1065,13 L.Ed.2d 923] [ (1965) ]. We cannot presume a waiver of these three important federal rights from a silent record.”
Boykin v. Alabama, 395 U.S. at 242-43, 89 S.Ct. at 1712.
However, even in cases involving the omission in the record of the requisite showing that the appellant voluntarily and intelligently entered his guilty plea, this court will not presume error from a silent record. Robinson v. State, 444 So.2d 884 (Ala.1983). Therefore, the judgment is affirmed.
AFFIRMED.
All Judges concur.
TAYLOR, J., concurs specially with opinion.