TAYLOR, Presiding Judge.
The appellant, Gweneth Powers, was convicted after a bench trial on two counts of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. She was sentenced to two years in the state penitentiary; that sentence was suspended and she was placed on two years’ probation.
The State’s evidence tended to show that on June 14, 1995, the appellant purchased traveler’s checks from the Alabama Motorists Association (“AMA”) and tendered a check for $3,000. On June 19, 1995, the appellant again went to the AMA to purchase traveler’s checks and tendered a check for $3,500. Both checks were returned by the bank for insufficient funds. The record reflects that Karen Grisham was employed by the AMA on June 14, 1995, and that she received the checks from the appellant in the amount of $3,000 and $3,500, respectively. Mrs. Grisham testified that she notified the appellant that the checks had been returned and that she needed to “make the checks good”. The record shows that the appellant did not respond and did not reimburse the AMA for the funds.
The appellant’s only contention on appeal is that the trial court erred when it allegedly failed to advise the appellant of her right to a trial by jury; when it allegedly failed to ascertain whether the appellant knowingly, voluntarily, and intelligently waived her right to a jury trial; and when it allegedly failed to obtain the consent of the prosecution in granting the appellant’s request for a nonju-ry trial.
Before trial, the appellant made an oral motion to waive her right to a jury trial in favor of a bench trial. The only indication in the record relating to this motion is contained in the following notation on the case action summary: “5/10/96 The defendant having made oral motion to withdraw the jury demand, the same is GRANTED and this case is set for non-jury trial on May 15, 1996, at 9:00 a.m. before the undersigned.” This Court, pursuant to Rule 10(g), Ala. R.App.P., requested that the record be supplemented to include a transcript of the hearing at which the appellant made the oral motion. The court reporter then acknowledged that there was no official record of the appellant’s withdrawal of her request for a jury trial.
Rule 18.1(b), Ala.R.Crim.P., states:
“(b) Waiver of Trial by Jury. In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court, as follows:
“(1) When the defendant is tried in circuit court other than on appeal for trial de *737 novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent.”
(Emphasis added.)
Further, the commentary to this rule states as follows:
“In Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), the Alabama Supreme Court held that waiver of jury trial in a noncapital felony case must be made knowingly and intelligently and that the prosecutor and the court must consent to it. To ensure that these requirements are met, subsection (b)(1) requires the court to advise the defendant personally of his or her right to a jury trial and further requires that the waiver be made either in writing or in open court on the record.
(Emphasis added.)
In the brief to this court, the State contends that the appellant did not preserve this issue for review because, it says, the appellant failed to request that a transcript of the hearing at which the oral motion was made be included in the record. It is true, as the state contends, that the appellant has the responsibility to submit a complete record to this Court and that a failure to do so precludes us from reviewing those matters allegedly contained in the omitted portions of the record. Atchison v. State, 565 So.2d 1186 (Ala.Cr.App.1990). However, as noted above, a transcript of this hearing does not exist. Thus, there is absolutely no way for this Court to review the validity of the appellant’s contentions. As stated above, Rule 18.1(b)(1) requires that waiver of the right to a trial by jury be made in writing or in open court “upon the record.”
Alabama courts have consistently held that waiver of a defendant’s right to counsel cannot be presumed from a silent record. In these cases, the courts found that the record must definitively show that an accused was offered counsel, but intelligently and voluntarily chose to waive that right. See Tomlin v. State, 601 So.2d 124 (Ala.1991); Brooks v. City of Enterprise, 644 So.2d 41 (Ala.Cr.App.1994); McLeod v. State, 575 So.2d 619 (Ala.Cr.App.1991); Leonard v. State, 484 So.2d 1185 (Ala.Cr.App.1985).
We here apply the same standard in reviewing a waiver of the right to a trial by jury. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), where the United States Supreme Court held that a waiver of the right to counsel cannot be presumed from a silent record.
Because it is unclear from the record whether the appellant fully understood the consequences of her motion to withdraw her right to a jury trial, this case is remanded to the Lauderdale County Circuit Court for a hearing. At this hearing, the circuit court should determine whether the requirements of Rule 18.1(b)(1) were met. Following this hearing, the trial court shall make written findings and file a return with this Court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.

On Return to Remand

BASCHAB, Judge.
The original opinion in this case was authored by Judge Taylor. This case was reassigned to Judge Baschab on April 15, 1997.
In Powers v. State, 723 So.2d 735 (Ala.Cr.App.1996), this court remanded this case to the Lauderdale County Circuit Court for that court to determine if the requirements of Rule 18.1(b)(1) of the Alabama Rules of Criminal Procedure (a waiver of a defendant’s right to a trial by jury must be in writing or in open court) were met. This court could not ascertain from the record whether or not the appellant fully understood the consequences of her motion to withdraw her right to a jury trial.
On remand, the trial court conducted a hearing, and issued an order on April 10, 1997, stating:
*738 “This cause having come before this Court in order for this Court to determine whether the appellant fully understood the consequences of her motion to withdraw her right to a jury trial, and the court after hearing arguments from counsel regarding the same, the Court finds as follows:
“The [appellant’s withdrawal of the jury demand was not on the record. Therefore, the Court is of the opinion that it is impossible to determine whether or not the requirements of 18.1(b)(1) were met.”
However, after reviewing the record on return to remand, we now believe that our earlier decision in this case was in error. Therefore, we now reverse our earlier decision and reinstate the appellant’s conviction.
In our earlier opinion, we held that, even though the appellant did not raise an objection to the trial court, the court failed to properly ascertain whether or not the appellant knowingly, voluntarily, and intelligently waived her right to a jury trial pursuant to Rule 18.1(b), Ala.R.Crim.P. We further stated that we would apply the same standard to this waiver as we apply to a defendant’s waiver of his right to counsel.
However, we have previously addressed this issue in Spradley v. State, 414 So.2d 170 (Ala.Cr.App.1982), stating:
“This issue was not raised in the trial court and is not preserved for review before this court. This court “will not consider on appeal any constitutional question not raised below.’ Steele v. State, 289 Ala. 186, 189, 266 So.2d 746 (1972). ‘[E]ven constitutional rights have to be raised seasonably in the trial court.’ Fuller v. State, 269 Ala. 312, 326, 113 So.2d 153 (1959).
“This court has refused to consider certain constitutional issues that were not raised in the trial court: denial of speedy trial, McMorris v. State, 394 So.2d 392 (Ala.Cr.App.), cert. denied, Ex parte McMorris, 394 So.2d 404 (1980); admission of statement taken in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Stewart v. State, 398 So.2d 369 (Ala.Cr.App.), cert. denied, Ex parte Stewart, 398 So.2d 376 (Ala.1981); excessive bail, Smoke v. State, 347 So.2d 564 (Ala.Cr.App.1977); right to arraignment, Davis v. State, 331 So.2d 807 (Ala.Cr.App.1976); due process and equal protection violations, Spivey v. State, 55 Ala.App. 687, 318 So.2d 382 (1975); validity of search, Stokes v. State, 54 Ala.App. 112, 305 So.2d 387 (1974); constitutionality of a statute, Smith v. State, 392 So.2d 1273 (Ala.Cr.App.1980).”
414 So.2d at 172-73.
Since it decided Spradley, the Alabama Supreme Court adopted the Alabama Rules of Criminal Procedure.[1] Rule 18.1(b)(1) provides:
“(b) Waiver of Trial by Jury. In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court, as follows:
“(1) When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent.”
The Committee Comments to Rule 18.1 state:
“Section (b) provides for waiver of the right to a jury trial. Where the defendant is charged with a felony offense, the heavier burden is on the state to show an affirmative waiver.... In Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), the Alabama Supreme Court held that a defendant may waive his or her right to a jury trial in a noncapital felony ease.
“Subsection (1) sets forth the requirements for waiver of jury trial when the defendant is charged with a felony offense. This rule is based upon Rule 23(a), Fed. *739 R.Crim.P., and ABA, Standards for Criminal Justice, Trial by Jury 15-1.2 and 15-1.3 (2d ed.1986)
Nothing in the Alabama Rules of Criminal Procedure or in the Committee Comments to those Rules states that Rule 18.1(b)(1) overturns or supercedes this court’s decision in Spradley, and we again decline to find that it does so now. We now hold that this issue was not preserved for review because no objection was made to the trial court.
Therefore, we reverse our earlier decision in this matter, and affirm the appellant’s conviction.
AFFIRMED.
All judges concur.

On Application for Rehearing

BASCHAB, Judge.
On application for rehearing, the appellant, Gweneth Powers, correctly asserts that this court, in our original opinion, did not address her claim that the evidence was not sufficient to support her conviction for theft of property in the first degree, a violation of § 13A-8-3, Ala.Code 1975. The evidence presented at trial showed that the appellant purchased American Express traveler’s checks from the Alabama Motorists Association, the local affiliate of the American Automobile Association (“AAA”) on two separate occasions. On June 14, 1995, the appellant wrote AAA a check for $3,000.00 to purchase traveler’s checks, and on June 19, 1995, she wrote a check for $3,500.00 to purchase traveler’s checks. Both checks were written on the appellant’s account at Valley Credit Union, and both checks were returned for “nonsufficient funds.” Karen Grisham, the employee who sold the appellant the traveler’s checks, telephoned the appellant concerning the returned checks and the appellant responded that she was having problems with her bank. Mrs. Gris-ham also telephoned Valley Credit Union repeatedly over a period of one week to determine whether there was sufficient money in the account to cover the two checks. She was informed that there was not. On June 27, 1995, the appellant’s husband obtained copies of the checks from AAA, and he told Mrs. Grisham that someone was tampering with their (his and the appellant’s) bank account and trying to put them out of business. When Mrs. Grisham told him that the appellant would be arrested if the checks were not paid, he told her, “It may have to come down to that.” Mrs. Grisham subsequently learned that the traveler’s checks had been cashed. She sent a registered letter to the appellant telling her that she needed to make sure the checks were paid, and the appellant signed the receipt, indicating she had received the letter. However, the appellant never made sure the checks were paid.
Pamela Ricks, the head teller at the Valley Credit Union, testified that there was not enough money in the appellant’s account to pay either check the appellant wrote to AAA Although a deposit was made to the account that would have covered the first cheek, another check written on the account for $1,300 and was paid to AmSouth Bank before the first check could be paid, again leaving insufficient funds in the account to cover the first check. Greg Hart, the branch manager at AmSouth Bank, testified that the appellant or her husband drove up to the drive-through window on June 22, 1995 and wrote a check for $1,300 on the Valley Credit Union account. After ascertaining from Valley Credit Union that there was enough money in the appellant’s account to cover the check, the teller deposited part of the money into an account and gave the remainder in cash to the person at the window. AmSouth Bank promptly took the cheek to Valley Credit Union for payment out of the appellant’s account, and that check was paid.
The Code of Alabama defines theft as follows:
“§ 13A-8-2. Theft of property; generally-
“A person commits the crime of theft of property if he:
“(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
“(2) Knowingly obtains by deception control over the property of another, with *740 intent to deprive the owner of his property.”
First degree theft, for which the appellant was convicted, is defined as follows:
“§ 13A-8-3. Theft of property; first degree.
“(a) The theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree.”
This court has said:
“In reviewing an issue concerning the sufficiency of the evidence, this court views the evidence presented at trial in the light most favorable to the state. Daniels v. State, 581 So.2d 536 (Ala.Cr.App.1990), writ denied, 581 So.2d 541 (Ala.), cert. denied, 502 U.S. 914, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991). Although much of the evidence presented in this was circumstantial, circumstantial evidence is not inferior or deficient evidence. Holder v. State, 584 So.2d 872 (Ala.Cr.App.1991). ‘Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant’s guilt.’ Hughley v. State, 574 So.2d 991, 993 (Ala.Cr.App.1990).
“ ‘The true test of the sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be “such as are absolutely incompatible, upon every reasonable hypothesis, with the innocence of the accused.” ’
Coleman v. State, 519 So.2d 965, 969 (Ala.Cr.App.1987), quoting Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1983).
“The appellant also contends that the state failed to prove the appellant had the requisite intent to commit theft in the first degree. In a theft trial, intent is a question for the jury. Turrentine v. State, 574 So.2d 1006 (Ala.Cr.App.1990). ‘Intent, ... being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.’ McCord v. State, 501 So.2d 520, 528-29 (Ala.Cr.App.1986).”
Seaton v. State, 645 So.2d 341, 343 (Ala.Cr.App.1994). See also Woods v. State, 641 So.2d 316 (Ala.Cr.App.1993), cert. denied, 513 U.S. 934, 115 S.Ct. 331, 130 L.Ed.2d 290 (1994); McMurphy v. State, 455 So.2d 924 (Ala.Cr.App.1984).
Viewing the evidence in a light most favorable to the State, the factfinder could reasonably infer from the appellant’s conduct and the circumstances of the case that the appellant intended to commit theft. Testimony presented at trial showed that, at the time of trial, the appellant had not yet made the checks good. The State presented sufficient evidence from which the trial court, as finder of fact, could determine that the appellant committed the crime of theft in the first degree. Therefore, the trial court did not err in denying the appellant’s motion for a judgment of acquittal at the close of the State’s case.
APPLICATION GRANTED; RULE 39(k) MOTION DENIED; AFFIRMED.
All judges concur.

. The Alabama Rules of Criminal Procedure were adopted on May 31, 1990, and became effective on January 1, 1991.