The appellant, Gweneth Powers, was convicted after a bench trial on two counts of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. She was sentenced to two years in the state penitentiary; that sentence was suspended and she was placed on two years' probation.
The State's evidence tended to show that on June 14, 1995, the appellant purchased traveler's checks from the Alabama Motorists Association ("AMA") and tendered a check for $3,000. On June 19, 1995, the appellant again went to the AMA to purchase traveler's checks and tendered a check for $3,500. Both checks were returned by the bank for insufficient funds. The record reflects that Karen Grisham was employed by the AMA on June 14, 1995, and that she received the checks from the appellant in the amount of $3,000 and $3,500, respectively. Mrs. Grisham testified that she notified the appellant that the checks had been returned and that she needed to "make the checks good". The record shows that the appellant did not respond and did not reimburse the AMA for the funds.
The appellant's only contention on appeal is that the trial court erred when it allegedly failed to advise the appellant of her right to a trial by jury; when it allegedly failed to ascertain whether the appellant knowingly, voluntarily, and intelligently waived her right to a jury trial; and when it allegedly failed to obtain the consent of the prosecution in granting the appellant's request for a nonjury trial.
Before trial, the appellant made an oral motion to waive her right to a jury trial in favor of a bench trial. The only indication in the record relating to this motion is contained in the following notation on the case action summary: "5/10/96 The defendant having made oral motion to withdraw the jury demand, the same is GRANTED and this case is set for nonjury trial on May 15, 1996, at 9:00 a.m. before the undersigned." This Court, pursuant to Rule 10 (g), Ala. R. App. P., requested that the record be supplemented to include a transcript of the hearing at which the appellant made the oral motion. The court reporter then acknowledged that there was no official record of the appellant's withdrawal of her request for a jury trial.
Rule 18.1 (b), Ala. R. Crim. P., states:
 "(b) Waiver of Trial by Jury. In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court, as follows:
 "(1) When the defendant is tried in circuit court other than on appeal for trial de *Page 737 
novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent."
(Emphasis added.)
Further, the commentary to this rule states as follows:
 "In Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), the Alabama Supreme Court held that waiver of jury trial in a noncapital felony case must be made knowingly and intelligently and that the prosecutor and the court must consent to it. To ensure that these requirements are met, subsection (b)(1) requires the court to advise the defendant personally of his or her right to a jury trial and further requires that the waiver be made either in writing or in open court on the record.
(Emphasis added.)
In the brief to this court, the State contends that the appellant did not preserve this issue for review because, it says, the appellant failed to request that a transcript of the hearing at which the oral motion was made be included in the record. It is true, as the state contends, that the appellant has the responsibility to submit a complete record to this Court and that a failure to do so precludes us from reviewing those matters allegedly contained in the omitted portions of the record.Atchison v. State, 665 So.2d 1186 (Ala.Cr.App. 1990). However, as noted above, a transcript of this hearing does not exist. Thus, there is absolutely no way for this Court to review the validity of the appellant's contentions. As stated above, Rule 18.1 (b)(1) requires that waiver of the right to a trial by jury be made in writing or in open court "upon the record."
Alabama courts have consistently held that waiver of a defendant's right to counsel call not be presumed from a silent record. In these cases, the courts found that the record must definitively show that an accused was offered counsel, but intelligently and voluntarily chose to waive that right. SeeTomlin v. State, 601 So.2d 124 (Ala. 1991); Brooks v. City ofEnterprise, 644 So.2d 41 (Ala.Cr.App. 1994); McLeod v. State,675 So.2d 619 (Ala.Cr.App. 1991); Leonard v. State,484 So.2d 1185 (Ala.Cr.App. 1985).
We here apply the same standard in reviewing a waiver of the right to a trial by jury. See Boykin v. Alabama, 396 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), where the United States Supreme Court held that a waiver of the right to counsel cannot be presumed from a silent record.
Because it is unclear from the record whether the appellant fully understood the consequences of her motion to withdraw her right to a jury trial, this case is remanded to the Lauderdale County Circuit Court for a hearing. At this hearing, the circuit court should determine whether the requirements of Rule 18.1 (b)(1) were met. Following this hearing, the trial court shall make written findings and file a return with this Court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return to Remand