SHORES, Justice
(dissenting).
I respectfully dissent. Rule 18.1(b), Ala. R.Crim.P., provides in part:
“(b) Waiver of Trial by Jury. In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court, as follows:
“(1) When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in' open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent....”
The Committee Comments to Rule 18.1, Ala. R.Crim.P., note:
“This right [to trial by jury] has been jealously guarded in Alabama through the Alabama Constitution, by statute, and by case law. Art. I, § 6, Alabama Constitution of 1901, provides in pertinent part ‘That in all criminal prosecutions, the accused has a right ... [to] a speedy, public trial, by an impartial jury of the county or district in which the offense was committed.... ’
“More emphatically, Art. I, § 11, Alabama Constitution of 1901, provides, ‘That the right of trial by jury shall remain inviolate.’ (Emphasis added [in the comment].) The phrase ‘shall remain inviolate’ has been interpreted to mean that the state is forbidden ‘through the legislative, judicial, or executive department — one or all — from ever burdening, disturbing, qualifying or tampering with this right to the prejudice of the people.’ [Citations omitted.] Finally, Amendment No. 328, § 6.11, to the Alabama Constitution of 1901 (the Judicial Article) illustrates that the right to trial by jury remains inviolate. That section permits the Alabama Supreme Court to promulgate rules of court practice and procedure with the limitation that ‘the right to trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate.’ ”
The Committee Comments also state:
“Section (b) provides for waiver of the right to a jury trial. Where the defendant is charged with a felony offense, the heavier burden is on the State to show an affirmative waiver....”
See Maddox, H., Criminal Procedure (1990) § 18.1.
The “Appendix of Forms” accompanying the Alabama Rules of Criminal Procedure contains, as Form 84, a form styled “Waiver of Jury”; that form is based upon Rule 18.1(b). That form provides for the defendant’s signature to be given after this statement:
“Comes now_, the defendant, in his own and proper person and through his attorney and waives his right to a trial by jury in this cause. I understand that the court will advise me of any right to a trial by jury in the record. I understand my right to a trial by jury and I hereby make a knowing, voluntary and intelligent waiver of my right to a trial by jury.”
Form 84 also provides a place for the district attorney to consent to the waiver, and it provides a place for the circuit judge to sign. By signing, the circuit judge states:
“Having addressed the defendant in open court advising him of his right to a trial by jury, the Court
“[ ] Consents to the trial of this cause without the intervention of a jury, *742 finding that defendant’s waiver of trial by jury was knowingly, voluntarily and intelligently made.
“[ ] Rejects the defendant’s waiver of trial by jury, finding that it was NOT knowingly, voluntarily and intelligently made.”
In its December 20, 1996, opinion, the Court of Criminal Appeals noted that the case action summary sheet in Powers’s case contains the following entry:
“5/10/96 The defendant having made oral motion to withdraw the jury demand, the same is GRANTED and this case is set for non-jury trial on May 15, 1996, at 9:00 a.m. before the undersigned.”
See Powers v. State, 723 So.2d 735, 736 (Ala.Cr.App.1996). This does not satisfy Rule 18.1, Ala.R.Crim.P.
One of the first forms used to determine whether a defendant was knowingly, voluntarily, and intelligently waiving his right to a trial by jury and pleading guilty was known as the Ireland form, because it was an appendix to Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (Ala.Crim.App.1971). The Ireland form provides a colloquy that the judge must engage in with the defendant to determine whether the defendant is knowingly, voluntarily, and intelligently waiving his right to a trial by jury and pleading guilty. I believe that it is equally important that the trial judge engage in a colloquy with the defendant to determine whether the defendant is knowingly, voluntarily, and intelligently waiving his right to a trial by jury and proceeding in a bench trial.
I agree that “[wjhere the defendant is charged with a felony offense, the heavier burden is on the State to show an affirmative waiver.” Rule 18.1, Ala.R.Crim.P., Committee Comment. The State did not meet its burden of proving that the defendant Powers waived her constitutional right to a trial by jury.
ALMON, J., concurs.